UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Farid Virani,<br><br>                    Plaintiff,<br>        -v-<br><br>MS. Convenience, Inc.,<br><br>                    Defendant. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Farid Virani, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of defendant, respectfully alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges, that he was employed by defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder as well as NYLL 190-198 and the regulations thereunder.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

6. Plaintiff Farid Virani ("plaintiff" or "Virani") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

7. Upon information and belief, defendant MS. Convenience, Inc. ("defendant" or "MS.") is a domestic for-profit New York corporation organized and existing under the laws of the State of New York.

## STATEMENT OF FACTS

8. Upon information and belief, and at all relevant times herein, defendant MS. Convenience, Inc., is in the deli and grocery business within the state of New York.

9. Defendant MS. Convenience, Inc., owns and operates more than one location. Plaintiff was employed at defendant's principal place of business located at 8610 Fourth Avenue, Brooklyn, NY 11209.

10. Upon information and belief, and at all relevant times herein, defendant employed 100 persons or more.

11. Plaintiff Virani was employed by defendant from in or around April 5, 2013 to on or about March 9, 2014.

12. At all times relevant herein plaintiff was an hourly employee of defendant.

13. Plaintiff was paid at a rate of $8.00 per hour.

14. At all times relevant herein, plaintiff was employed by defendant as a Cashier.

15. Upon information and belief and at all times relevant herein, plaintiff worked about 70-72 hours a week for defendant.

16. At all times relevant herein, defendant paid plaintiff his straight regular rate of about an hour for overtime hours worked (more than forty hours a week) – instead of the premium overtime rate of at least 1.5 times his regular rate.

17. The amount of plaintiff's hours and wages will be refined when defendant produces wages and time records it was required to keep under the FLSA and NYLL.

18. Plaintiff incorporates herein, accurate records of his time, wages and employment that defendant was required to keep pursuant to the FLSA and NYLL.

19. Upon information and belief and at all times relevant herein, defendant had annual revenues and/or expenditures in excess of $500,000.

20. Upon information and belief, and at all times relevant herein, defendant conducted business with insurance companies within the state of New York.

21. Upon information and belief and at all times relevant herein, defendant purchased food supplies and utensils from vendors within and outside the state of New York.

22. At all times applicable herein, defendant conducted business with vendors and other businesses outside the State of New York.

23. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

24. At all times applicable herein and upon information and belief, defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

25. All times applicable or relevant herein as to the FLSA overtime claim refers to at least the two-year and three-year period preceding the filing of this complaint but this period may be longer.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

26. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 25 above as if set forth fully and at length herein.

27. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the FLSA.

28. At all times relevant to this action, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

29. At all times relevant herein, defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

30. At all times relevant herein, defendant failed and willfully failed to pay plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

31. Due to defendant's FLSA overtime violations, plaintiff is entitled to recover from defendant, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

32. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 30 above as if set forth fully and at length herein.

33. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

34. At all times relevant herein, defendant failed and willfully failed to pay plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

35. At all times relevant herein, defendant failed and willfully failed to pay plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.1.

### Relief Demanded

36. Due to defendant's New York Labor Law violations, plaintiff is entitled to recover from defendant, his unpaid overtime and minimum wage compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193 and 198 – Unpaid and Withheld Wages

37. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 35 above with the same force and effect as if fully set forth at length herein.

38. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

39. At all times relevant to this action, plaintiff was employed by defendant as a manual worker, laborer or workingman, within the meaning of the New York Labor Law § 190 et seq. including § 191, 193.

40. At all relevant times herein, defendant violated and willfully violated plaintiff's rights under NYLL 191 by failing to pay plaintiff and/or withholding/deducting his unpaid overtime and minimum wages, as well as his unpaid regular wages and vacation pay, within the time required by NYLL 191.

### Relief Demanded

41. Due to defendant's New York Labor Law Article 6 violations including violations of sections 191, 193 and 198, plaintiff is entitled to recover from defendant, his entire unpaid overtime and minimum wages, base/regular wages owed, wage deductions/withholdings, plus maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

42. Declare Defendant to be in violation of the plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, NYLL § 215, and the Regulations thereunder;

43. As to his **FIRST Cause of Action**, award plaintiff his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

44. As to his **SECOND Cause of Action**, award plaintiff his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

45. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

46. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____

By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*